**Original filed 10/20/06**

NOT FOR CITATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| KHALID MOHAMMAD,<br><br>    Plaintiff,<br><br>  v.<br><br>DIAZ BROTHERS BAIL BONDS,<br><br>    Defendant. | Case Number C 05-05362 JF<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[re: docket no. 23] |

### I. BACKGROUND

On December 27, 2005 Plaintiff Khalid Mohammad ("Mohammad"), acting pro se, filed a complaint in this Court against Defendant Diaz Brothers Bail Bonds ("Diaz Bros.") seeking damages for alleged overcharges to his credit card. On February 1, 2006, this Court issued an order dismissing Mohammad's complaint with leave to amend on the ground that this Court lacked subject matter jurisdiction because both Mohammad and Diaz Bros. appeared to be residents of California. On February 2, 2006, Mohammad filed an amended complaint. On June 29, 2006, this Court issued an order finding that this Court has jurisdiction over Mohammad's

---

[1] This disposition is not designated for publication and may not be cited.

complaint pursuant to diversity jurisdiction.[2]

Mohammad alleges the following. In 2004 Mohammad requested a bail bond from Diaz Bros. for $17,000. Mohammad and Diaz Bros. agreed that Mohammad would pay Diaz Bros. a $1,700 fee after the bail bond was posted. Diaz Bros. then charged $18,000 to Mohammad's credit cards. The bail bond was never posted and Mohammad requested a refund of the $18,000. Diaz Bros. refunded Mohammad's cards in the amount of $16,920. Mohammad filed a complaint against Diaz Bros. in Monterey County Small Claims Court and was awarded a judgment in the amount of $1010. Mohammad seeks $80,000 in damages for financial and psychological hardship allegedly caused by the Diaz Bros.'s overcharging of the credit cards.

On August 23, 2006, Diaz Bros. filed a motion to strike the amended complaint and to dismiss the action on grounds of *res judicata* and lack of subject matter jurisdiction.[3] Mohammad did not file an opposition to the motion. On October 6, 2006, Mohammad did not appear at the scheduled hearing for oral argument. For the reasons set forth below, the motion will be granted.

## II. DISCUSSION

Diaz Bros. asserts that Mohammad's factual claims in this case are the very same factual claims that were previously litigated to final judgment in small claims court. Under the doctrine of *res judicata*, a valid final judgment on the merits of an action bars the parties or their privies from later asserting claims that were or could have been raised in the earlier action. *Riven v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998). The phrase "were or could have been raised" refers to "legal theories arising out of the same transactional nucleus of facts, rather than to distinct causes of action." *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 686 n.2 (2005). A judgment in an earlier suit bars a later suit under the doctrine of

---

[2] The June 29, 2006 Order held that Mohammad and Diaz Bros. are citizens of different states and that Mohammad seeks damages in the amount of $80,000.

[3] The Court will construe Diaz Bros.'s motion as a motion to dismiss. The Court's Order of June 29, 2006 addressed the issue of subject matter jurisdiction.

*res judicata* if: (1) the two suits involve the same claims; (2) the two suits involve the same parties or their privies; and (3) the earlier suit reached a final judgment on the merits. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993).

The present action is barred under the doctrine of *res judicata* because the present action and the prior action involve the same claims and the same parties and final judgment was entered on the merits in the prior action. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993) (setting forth the requirements for application of the doctrine of *res judicata*).

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED.

DATED: 10/18/06

JEREMY FOGEL
United States District Judge

Case No. C 05-05362 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFEX1)

1  This Order has been served upon the following persons:

2
   Steven Michael Gordon          steve@smglawyer.com
3

4  Khalid Mohammad
   3050 Lexington Court
5  Marina, CA 93933

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 05-05362 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFEX1)